WO

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

Kandee Leaver,

Plaintiff,

v.

Commissioner of Social Security Administration,

Defendant.

No. CV-25-00427-TUC-AMM

**ORDER**

On June 9, 2026, Magistrate Judge Jacqueline M. Rateau filed a Report and Recommendation ("R&R") recommending the Court affirm the decision of the Commissioner of the Social Security Administration ("Commissioner") and dismiss Plaintiff Kandee Leaver's Complaint. (Doc. 21.) The Magistrate Judge informed the parties that they had 14 days to file written objections to the R&R and an additional 14 days to respond. (*Id.* at 15.) Plaintiff filed an objection. (Doc. 23.) The Commissioner responded. (Doc. 25.) Having conducted a de novo review of Plaintiff's objections, the Court will overrule them and adopt the R&R.

**I. Standard of Review**

A district court need not review "a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *See Thomas v. Arn*, 474 U.S. 140, 149–50 (1985). If a party objects, the district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). The district court reviews the remaining

portions of the recommendation for clear error. Fed. R. Civ. P. 72(b), Advisory Committee Notes 1983 Addition. "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). Although the district court is not required to review an issue de novo absent a proper objection, the statute "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154.

## II. Brief Background[1]

On July 31, 2025, Plaintiff filed a Complaint under the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of the Commissioner's final administrative decision denying Plaintiff's claim for social security disability benefits. (Doc. 1.) Plaintiff applied for disability benefits on November 9, 2022 due to limitations caused by multiple impairments, including Major Depressive Disorder, Generalized Anxiety Disorder, Post Traumatic Stress Disorder ("PTSD"), Degenerative Disc Disorder, and Obesity. (Doc. 14-3 at 20, 23.) On November 7, 2024, Administrative Law Judge ("ALJ") Charles Davis found Plaintiff was not disabled as defined under the Social Security Act and thus not entitled to disability benefits. (*Id.* at 33.)

In his disability analysis, the ALJ determined that Plaintiff had a Residual Functional Capacity ("RFC")

> to perform light work as defined in 20 C.F.R. 404.1567(b) and 416.967(b) except: Claimant can perform simple routine tasks, in work that does not involve a production rate pace; work that does not involve direct public contact as part of specified work duties; and work that involves only occasional ongoing interaction with coworkers and supervisors.

(*Id.* at 26.)

[1] Plaintiff did not object to the "Background" section of the R&R. After reviewing for clear error, the Court will adopt the "Background" section and incorporate the Magistrate Judge's recitation of the facts. The Court provides this brief background for context.

In determining Plaintiff's RFC, the ALJ found the intensity, persistence, and limiting effects of Plaintiff's alleged symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.* at 27.) The ALJ also found that Consultative Examiner Dr. Maryanne Belton's opinion was "generally persuasive insofar as the claimant does have severe mental [health] impairments that would reasonably result in limitations." (*Id.* at 31.) However, the ALJ found Dr. Belton's narrative findings unpersuasive "because they contained terms that are not vocationally defined and are hypothetical, speculative[,] and do not represent the most the claimant can do despite her limitations." (*Id.*) The ALJ, therefore, "outlined vocationally defined and more accurate limitations that are generally consistent with Dr. Belton's finding of impairment in each domain." (*Id.* at 32.)

## III. Applicable Law

"If the ALJ's . . . finding is supported by substantial evidence, [a court] may not engage in second-guessing." *Kelly L. K. v. Saul*, 2021 WL 3269981, at *6 (C.D. Cal. July 30, 2021) (citation omitted). Under the substantial evidence standard of review, the Court must affirm the ALJ's finding if supported by substantial evidence in the record, regardless of whether other rational interpretations exist. *Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld."). Further, when an ALJ provides multiple reasons for discounting a claimant's statements, the Court can affirm even if the ALJ erred as to one or more reasons, so long as valid reasons remain. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162–63 (9th Cir. 2008).

## IV. Discussion

### A. Symptom Testimony

#### 1. Magistrate Judge's Report and Recommendation

The Magistrate Judge concluded that substantial evidence supports the ALJ's decision to discount some of Plaintiff's subjective symptom testimony. (Doc. 21 at 6–11.)

First, the Magistrate Judge found that the ALJ did not err in finding that Plaintiff's subjective symptom testimony as to her physical impairments is only "somewhat persuasive." (*Id.* at 7–10.) The Magistrate Judge reasoned that, as a threshold matter, there may be affirmative evidence in the record of malingering, and Plaintiff's subjective symptom testimony can be discounted for that reason alone. (*Id.* at 8 (pointing to inconsistent statements by Plaintiff about her work history).) Next, the Magistrate Judge reasoned that the ALJ provided other clear and convincing reasons for discounting Plaintiff's subjective symptom testimony, including that Plaintiff's physical symptoms were previously relieved through treatment and that numerous medical records and exam results contradicted Plaintiff's physical complaints. (*Id.*) Additionally, the Magistrate Judge affirmed the ALJ's finding that the duration of Plaintiff's more severe symptoms, which began in July 2024, did not last, and were not expected to last, twelve months.[2] (*Id.* at 9–10.) Accordingly, the Magistrate Judge held that the ALJ's findings regarding Plaintiff's physical symptom testimony are supported by substantial evidence. (*Id.* at 7–10.)

Second, the Magistrate Judge found that the ALJ did not err in discounting Plaintiff's subjective symptom testimony as to her mental health impairments. (*Id.* at 10–11.) The Magistrate Judge reasoned that Plaintiff failed to point to any objective medical evidence in the record that supported the severity of her subjective mental health symptoms, and the ALJ cited multiple medical reports indicating that Plaintiff's mental health symptoms improved greatly with treatment. (*Id.*) Thus, the Magistrate Judge found that the ALJ's findings regarding Plaintiff's mental health symptoms are also supported by substantial evidence. (*Id.*)

### 2. Plaintiff's Objection

Plaintiff first objects to the Magistrate Judge's finding that substantial evidence supports the ALJ's decision to discount Plaintiff's subjective symptom testimony. (Doc.

---

[2] A claimant is only entitled to social security disability benefits if she has a severe impairment, and that impairment has lasted or is expected to last more than twelve months. *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1509.

23 at 2–8.) Plaintiff argues that the Magistrate Judge erred because: (1) the ALJ did not provide substantial evidence that Plaintiff's symptoms were sufficiently relieved by treatment, (2) the ALJ improperly looked to Plaintiff's travel to Ohio as a failure to follow prescribed treatment, and (3) the ALJ did not provide a "rational interpretation" for why Plaintiff's waxing and waning symptoms entitled her symptom testimony only "some persuasive value." (*Id.* at 7.)

Upon de novo review, the Court concludes that substantial evidence supports the ALJ's findings as to Plaintiff's symptom testimony. Where a claimant has provided objective medical evidence of an impairment that could reasonably produce the alleged symptoms, the ALJ evaluates the intensity and persistence of the symptoms. *See* SSR 16-3p, 2016 WL 1119029. The ALJ is required to evaluate whether a claimant's statements about her symptoms are consistent with the objective medical evidence and the other evidence in the record. *See* 20 C.F.R. § 404.1529(c)(2), (3); SSR 16-3p, 2016 WL 1119029. The ALJ must make specific findings about a claimant's allegations, properly supported by the record and sufficiently specific to show the ALJ did not arbitrarily discredit the claimant's subjective testimony. *See Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) (citing *Bunnell v. Sullivan*, 947 F.2d 341, 345–46 (9th Cir. 1991) (en banc)). Unless there is affirmative evidence that a claimant is malingering, an ALJ's reasons for discounting the claimant's testimony regarding the severity of her symptoms must be "clear and convincing." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).

As a threshold matter, the ALJ did not err in discounting Plaintiff's symptom testimony because there is evidence in the record of malingering. In assessing a claimant's credibility, an ALJ may consider any inconsistent statements in her testimony. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001). Here, the ALJ found that Plaintiff made inconsistent statements about her work history, and Plaintiff does not object to that finding. Thus, the Magistrate Judge did not err in affirming the ALJ's conclusion because this valid reason exists for discounting Plaintiff's statements. *See Carmickle*, 533 F.3d at 1162–63 (holding that when an ALJ provides multiple reasons for discounting a

claimant's statements, the Court can affirm even if the ALJ erred as to one or more reasons, so long as valid reasons remain).

The Court now turns to the substance of Plaintiff's objections. First, substantial evidence supports the ALJ's finding that Plaintiff's symptoms sufficiently improved with treatment. "[E]vidence of medical treatment successfully relieving symptoms can undermine a claim of disability," and an ALJ may discount a claimant's reported symptoms if they sufficiently improved with treatment. *Wellington v. Berryhill*, 878 F.3d 867, 876 (9th Cir. 2017); *see also* 20 C.F.R. §§ 404.1529(c)(3), 416.913(a)(3). In finding that Plaintiff's symptoms sufficiently improved with treatment, the ALJ pointed to evidence that Plaintiff "participated in physical therapy for her back and shoulder with improvement in symptoms, to include full and painless range of motion" and "reported her medications were helpful in reducing her [mental health] symptoms." (Doc 14-3 at 29–30.) While other rational interpretations may exist as to whether Plaintiff's symptoms sufficiently improved with treatment—including Plaintiff's characterization that the perceived improvement was merely "episodic symptom fluctuation"—the Magistrate Judge did not err in affirming the ALJ's finding that Plaintiff's symptoms sufficiently improved with treatment because it is supported by substantial evidence.

Second, contrary to Plaintiff's assertion, the ALJ did not discredit Plaintiff's symptom testimony because of an alleged failure to follow prescribed treatment during Plaintiff's relocation to Ohio. Plaintiff mischaracterizes the ALJ's decision. In finding that Plaintiff's severe symptoms did not last 12 months, the ALJ reasoned that Plaintiff only began complaining about severe symptoms in July 2024, and "the evidence is insufficient to find that they are expected to last at this more severe level for at least a continuous period of 12 months." (*Id.* at 30–31.) The Magistrate Judge reasoned that Plaintiff's symptoms probably worsened in July 2024 because the time period "directly corresponds with Plaintiff's travel to Ohio in May to June of 2024, during which her treatment for both her mental [health] and physical symptoms were terminated." (Doc. 21 at 9.) Because the ALJ

did not discredit Plaintiff's symptoms based on her alleged failure to follow prescribed treatment while in Ohio, the Court will overrule the objection.

Third, the ALJ provided a rational interpretation for why Plaintiff's waxing and waning symptoms were only entitled "some persuasive value." (Doc. 14-3 at 30.) The ALJ afforded Plaintiff's testimony only "some persuasive value" because the ALJ found Plaintiff's subjective allegations were contradicted by the record. (*Id.*) "Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle*, 533 F.3d at 1161. As the Magistrate Judge identified, the ALJ cited numerous medical records and exam results that contradicted Plaintiff's subjective symptom testimony. (Doc. 21 at 8.) Thus, the Magistrate Judge did not err in affirming the ALJ's decision.

As discussed above, the Court will overrule Plaintiff's objections because substantial evidence supports the ALJ's findings as to Plaintiff's subjective symptom testimony.

### B. Opinion Evidence

#### 1. Magistrate Judge's R&R

The Magistrate Judge concluded that substantial evidence supports the ALJ's analysis of Dr. Belton's statements. (Doc. 21 at 11–15.) The Magistrate Judge found that the ALJ did not err when discounting Dr. Belton's narrative findings because her findings failed to opine on what Plaintiff can do despite her limitations. (*Id.* at 14.) Additionally, the Magistrate Judge found that the ALJ did not err in crafting his own RFC that is generally consistent with Dr. Belton's impairment findings because the ALJ's RFC is a rational interpretation of the evidence. (*Id.* at 14–15.)

#### 2. Plaintiff's Objection

In her objection, Plaintiff argues the Magistrate Judge erred in finding that the ALJ's use of his own "vocationally defined and more accurate limitations" instead of Dr. Belton's narrative findings was not supported by substantial evidence. (Doc. 23 at 8–10.)

Upon de novo review, the Court will overrule the objection. "An ALJ does not err by not incorporating a physician's opinion when the physician had not 'assign[ed] any specific limitations on the claimant.'" *Youngblood v. Berryhill*, 734 F. App'x 496, 498 (9th Cir. 2018). Here, Plaintiff does not object to the Magistrate Judge affirming the ALJ's conclusion that Dr. Belton's narrative findings "do not represent the most the claimant can do despite her limitations." (Doc. 21 at 14.) Instead, Plaintiff argues that the ALJ did not sufficiently explain "what[,] if any[,] analysis was undergone in formulating his 'vocationally defined and more accurate limitations.'" (Doc. 23 at 9–10.) Plaintiff also asserts that the ALJ's RFC "fails to appreciate the qualitative components of Dr. Belton's 'generally persuasive' analysis." (*Id.*)

Plaintiff presents no evidence supporting her conclusion that the RFC "fail[s] to account for 'Dr. Belton's finding of impairment in each domain' as stated." (*Id.* at 9.) The ALJ cited Dr. Belton's finding of impairment in each domain in crafting his "vocationally defined and more accurate limitations." (Doc. 14-3 at 32.) While Plaintiff may disagree with the ALJ's RFC, the Magistrate Judge did not err in upholding it because it is a rational interpretation of the evidence. *See Thomas*, 278 F.3d at 954 ("Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld.")

## V. Conclusion

The Court has reviewed the R&R, Plaintiff's objections, the Commissioner's response, the parties' briefs, and the record. Upon de novo review of the portions of the R&R properly objected to, the Court finds the Magistrate Judge's conclusions well-reasoned and agrees with her findings. The Court finds no clear error as to the remainder of the R&R and agrees with the recommendation.

///

///

///

///

Accordingly,

**IT IS ORDERED** that the R&R is **ADOPTED**. (Doc. 21.) The final decision of the Commissioner is **AFFIRMED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**. (Doc. 1.) The Clerk of the Court shall docket accordingly, term any pending motions, and close this case.

Dated this 25th day of September, 2026.

Honorable Angela M. Martinez
United States District Judge